# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**In Re: D.R. and A.F.**

**FILED**

**June 10, 2013**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**No. 13-0069** (Roane County 11-JA-12 and 11-JA-13)

### MEMORANDUM DECISION

Petitioner Mother, by counsel Betty Clark Gregory, appeals the Circuit Court of Roane County's order terminating her parental rights, which was entered on December 19, 2012. The guardian ad litem, Anita Ashley, filed her response on behalf of the children and a supplemental appendix. The West Virginia Department of Health and Human Resources ("DHHR"), by Charlene Vaughan, its attorney, has filed its response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

An emergency custody order was entered by the Magistrate Court of Roane County on August 19, 2011. On August 23, 2011, the DHHR filed its petition initiating the instant abuse and neglect case. This petition alleged that Petitioner Mother knowingly and intentionally inflicted physical injuries to D.R. by causing bruising on his left arm and cheek, bruising on his face in March of 2011, and knowingly and intentionally inflicted mental and emotional abuse by threatening and cursing at D.R. The petition also alleged that Petitioner Mother subjected A.F. to abuse by being present in the home while the abuse towards D.R. occurred. Moreover, the petition also noted that Petitioner Mother had her parental rights terminated in a prior case.[1]

Petitioner Mother voluntarily, intelligently, and with the assistance of counsel waived her right to an evidentiary hearing and admitted to leaving bruises on D.R. The circuit court held that Petitioner Mother was an abusing and neglecting parent and that the children were abused and neglected children. At the disposition hearing, the circuit court stated petitioner has failed to accept responsibility for the reason her children were removed, she has a poor prognosis for future improvement, she failed to take advantage of therapy while awaiting disposition, she continues to have problematic visits with her children, she has received every service available but failed to put into practice what she has learned, and the current circumstances are "eerily

---

[1] A final order entered by Judge Nibert on March 16, 2006, terminated Petitioner Mother's parental rights. An amended order entered by Judge Nibert on March 29, 2006, terminated only Petitioner Mother's visitation rights.

identical" to the prior adjudication. Based on the aforementioned reasons, the circuit court found that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future.

> The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). To begin, Petitioner Mother argues that the Child Protective Service ("CPS") worker failed to submit written reports of the Multidisciplinary Treatment Team to the circuit court and that she was tricked into admitting to abusing D.R. in return for the recommendation that she receive an improvement period. The DHHR argues that safety services were offered, but Petitioner Mother was not able to improve her parenting skills. Further, petitioner's own witness testified that Petitioner Mother failed to acknowledge she was guilty of abuse. The DHHR and the guardian ad litem argue that the admission of abuse was made freely and voluntarily and there is no evidence that Petitioner Mother was tricked into admitting to abusing D.R. They also argue that Petitioner Mother failed to prove that the conditions of abuse and neglect could be substantially corrected in the future.

Upon our review of the record, this Court finds no error in the circuit court's termination of Petitioner Mother's parental rights, including its denial of an improvement period. Pursuant to West Virginia Code § 49-6-12, the parent has the burden to prove by clear and convincing evidence that he or she would substantially comply with an improvement period. Subsequently, the circuit court has the discretion to grant or deny such an improvement period. There is no evidence that Petitioner Mother was tricked into admitting to the abuse. The record clearly shows that Petitioner Mother was properly advised of her rights prior to admitting to abusing D.R. and a family case plan was filed on September 13, 2012. Additionally, a review of the testimony reveals that Petitioner Mother has failed to acknowledge the abuse during therapy and that no further services could be provided to Petitioner Mother that have not already been offered. We have previously held that

> in order to remedy the abuse and/or neglect problem, the problem must first be acknowledged. Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the

perpetrator of said abuse and neglect, results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense.

*W.Va. Dep't of Health and Human Res. ex rel. Wright v. Doris S.*, 197 W.Va. 489, 498, 475 S.E.2d 865, 874 (1996).

Next, Petitioner Mother argues that the circuit court improperly admitted into evidence, over an objection, her psychological evaluation which contained information about her past drug use that was too remote in time, and she was not given the opportunity to cross-examine the authors of the report. Petitioner Mother also argues that the circuit court improperly allowed a CPS worker to testify as an expert regarding fetal alcohol syndrome. The DHHR responds that the guardian ad litem inquired about the results of the reports with Petitioner Mother and the physicians disclosed to her that the reports would be shared with the DHHR and others involved with the case. The guardian ad litem argues the reports were court-ordered and the therapist's testimony mirrored the evaluation. The DHHR and guardian ad litem note that the CPS worker was never qualified as an expert witness on fetal alcohol syndrome, and the worker testified based on the information in the file, her prior training, and her observations.

Upon review, the Court finds no error in the circuit court's decision to introduce Petitioner Mother's psychological evaluation or to permit a CPS worker to testify about fetal alcohol syndrome. "'Rulings on the admissibility of evidence are largely within a trial court's sound discretion and should not be disturbed unless there has been an abuse of discretion.' *State v. Louk*, 171 W.Va. 639, 301 S.E.2d 596, 599 (1983)." Syl. Pt. 3, *State v. Payne*, 225 W.Va. 602, 694 S.E.2d 935 (2010) (internal citations omitted). The Court finds no error in regard to the CPS worker's testimony. Specifically, Petitioner Mother has failed to identify any particular instance of this witness giving expert testimony on the effects of fetal alcohol syndrome and the circuit court never qualified the witness as an expert. With regard to the psychological evaluation, Petitioner Mother testified about the factual history, it was disclosed that the report would be shared with the DHHR and other professionals, Petitioner Mother reviewed the evaluation with her attorney, and the therapist's testimony substantially mirrored the psychological evaluation. For these reasons, the circuit court did not abuse its discretion in admitting the psychological evaluation or in allowing the CPS worker to testify.

Finally, Petitioner Mother argues it was plain error for the circuit court to rely on information that was not presented during the disposition hearing to terminate her parental rights. Specifically, Petitioner Mother argues the circuit court improperly considered a prior order terminating her parental rights which was later amended to terminate only her visitation. The DHHR and guardian ad litem argue that despite this error by the circuit court, the remaining evidence was sufficient to deny Petitioner Mother an improvement period. The guardian ad litem argues that Petitioner Mother failed to dispute that the current circumstances were almost identical to the circumstances which resulted in the prior termination of her visitation. The DHHR adds that they have provided services to Petitioner Mother for over a decade, there are no additional services that have not already been provided, the DHHR had attempted to reunite the family, and Petitioner Mother minimizes her conduct.

Upon our review, the Court finds that the circuit court erroneously found that Petitioner Mother had a prior termination of her parental rights. Regardless, there was sufficient evidence upon which the circuit court properly terminated Petitioner Mother's parental rights. Thus, the Court finds that this error was harmless. A review of the record shows that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future because Petitioner Mother had been receiving services as early as 2000; had been given every service available; failed to take responsibility for her actions which, resulted in the filing of this action; and failed to take advantage of therapy while awaiting disposition. The circuit court was presented with sufficient evidence upon which it could have based findings that there was no reasonable likelihood to believe that conditions of abuse and neglect could be substantially corrected in the near future, and that termination was necessary for the children's welfare. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon such findings.

This Court reminds the circuit court of its duty to establish permanency for the children. Rule 39(b) of the Rules of Procedure for Child Abuse and Neglect Proceedings requires:

> At least once every three months until permanent placement is achieved as defined in Rule 6, the court shall conduct a permanent placement review conference, requiring the multidisciplinary treatment team to attend and report as to progress and development in the case, for the purpose of reviewing the progress in the permanent placement of the child.

Further, this Court reminds the circuit court of its duty pursuant to Rule 43 of the Rules of Procedure for Child Abuse and Neglect Proceedings to find permanent placement for the children within twelve months of the date of the disposition order. As this Court has stated,

> [t]he [twelve]-month period provided in Rule 43 of the West Virginia Rules of Procedures for Child Abuse and Neglect Proceedings for permanent placement of an abused and neglected child following the final dispositional order must be strictly followed except in the most extraordinary circumstances which are fully substantiated in the record.

Syl. Pt. 6, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Moreover, this Court has stated that

> [i]n determining the appropriate permanent out-of-home placement of a child under *W.Va.Code* § 49-6-5(a)(6) [1996], the circuit court shall give priority to securing a suitable adoptive home for the child and shall consider other placement alternatives, including permanent foster care, only where the court finds that adoption would not provide custody, care, commitment, nurturing and discipline consistent with the child's best interests or where a suitable adoptive home can not be found.

Syl. Pt. 3, *State v. Michael M.,* 202 W.Va. 350, 504 S.E.2d 177 (1998). Finally, "[t]he guardian ad litem's role in abuse and neglect proceedings does not actually cease until such time as the

4

children is placed in a permanent home." Syl. Pt. 5, *James M. v. Maynard,* 185 W.Va. 648, 408 S.E.2d 400 (1991).

For the foregoing reasons, we find no error in the decision of the circuit court and the circuit court's order is hereby affirmed.

Affirmed.

**ISSUED**: June 10, 2013

**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II